**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0702-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DERRICK JOHNSON, a/k/a
ALLEN JOHNSON, ALLAN
JOHNSON, DEMETRIUS
JOHNSON, ZAHIR JOHNSON,
DERECK JOHNSON, DICK
JOHNSON, ABDULLAH
JOHNSON, MARK SUITTON,
MARK SUTTON, and ALLAN
ZAHARABDULLAH,

     Defendant-Appellant.

_____

Submitted October 13, 2020 – Decided October 23, 2020

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 06-08-1865 and 06-09-2078.

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from an April 9, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends the PCR judge erred by denying his motion for a witness's mental health records and that his trial counsel, appellate counsel, and PCR counsel rendered ineffective assistance. Judge Patricia M. Wild thoroughly considered defendant's contentions and rendered a comprehensive decision with which we substantially agree.

Defendant and two others robbed a T.G.I. Fridays. A jury convicted him of first-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; five counts of first-degree robbery, N.J.S.A. 2C:15-1; two counts of second-degree burglary, N.J.S.A. 2C:18-2; five counts of third-degree criminal restraint, N.J.S.A. 2C:13-2; five counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); three counts of second-degree possession of a firearm

for an unlawful purpose, N.J.S.A. 2C:39-4(a); three counts of third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and two counts of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7. The trial judge sentenced him to an aggregate seventy years' incarceration subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

We affirmed defendant's convictions. State v. Johnson, No. A-4627-08 (App. Div. Jan. 7, 2013). We remanded, however, directing the trial judge to merge defendant's conspiracy conviction into his robbery conviction. Johnson, slip op. at 19. The New Jersey Supreme Court denied defendant's petition for certification. State v. Johnson, 214 N.J. 118 (2013). He then filed this PCR petition.

On appeal, defendant argues:

> POINT I
>
> THE [PCR JUDGE] ERRED IN DENYING . . . DEFENDANT'S MOTION FOR ACCESS TO [A] WITNESS['S] . . . MENTAL HEALTH RECORDS.
>
> POINT II
>
> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS[,] U.S. CONST., AMENDS. VI, XIV[;] N.J. CONST. ART. I., PAR. 10.

A-0702-18T4

A. Trial Counsel Provided Ineffective Assistance Of Counsel By Failing To Provide Discovery To . . . Defendant.

B. Trial Counsel Provided Ineffective Assistance Of Counsel By Failing To Adequately Investigate And Interview Witnesses.

C. Trial Counsel's Failure To File A Motion In Limine Barring [A] Witness . . . From Testifying That He Feared [Defendant] Was Planning On Killing Him Constituted Ineffective Assistance Of Counsel.

D. Trial Counsel Was Ineffective For Failing To Argue That The [State] Violated The Discovery Rule For Failing To Provide A Full And Complete Copy Of The Affidavit In Support Of Probable Cause In Support Of The Issuance Of The Arrest Warrant For Defendant.

E. Trial Counsel Was Ineffective For Failing To Argue That Law Enforcement Officers Failed To Provide The Prosecutor's Office With A Copy Of The Detailed Affidavit In Support Of Probable Cause For . . . [Defendant's] Arrest As Mandated Pursuant To R[ule] 3:2-1(b).

F. Trial Counsel Was Ineffective By Failing To Argue That Defendant's Arrest Was Illegal Thus Rendering All Evidence Gathered As A Result Of That Illegal Arrest Inadmissible.

G. Trial Counsel's Ineffective Representation During The Pre-Trial Proceedings Impacted . . . The Plea Process Causing [Defendant] Substantial Prejudice.

H. [Defendant's] Pro Se Submissions Set Forth Numerous Allegations Regarding Ineffective

4

Assistance Of Trial Counsel Which Were Not Addressed By The [PCR Judge] Thereby Requiring A Remand On Those Issues.

POINT III

THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR.

POINT IV

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL[.]

POINT V

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF PCR COUNSEL[.]

POINT VI

THE [PCR JUDGE] ERRED IN DENYING [DEFENDANT'S PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

In his pro se brief, defendant raises the following points, which have been summarized and renumbered:

POINT [VII]

[IN HER DECISION, THE PCR JUDGE MENTIONED POINTS THAT HAD NOTHING TO DO WITH THIS CASE SO HER DECISION MUST BE VACATED BECAUSE HER ACTIONS VIOLATED THE MODEL CODE OF JUDICIAL CONDUCT (8)(C)(1).]

POINT [VIII]

[DEFENDANT'S LEGAL RIGHT TO BE AT HIS PCR HEARING WAS VIOLATED AND THE PCR JUDGE VIOLATED RULE 3:22-10. THE JUDGE ALSO VIOLATED THE MODEL CODE OF JUDICIAL CONDUCT (B)(5), (B)(7), (B)(8), (C)(2), (E)(1) AND (E)(1)(A).]

POINT [IX]

[D]EFENDANT ASSERTS THAT THERE IS (NO WAY) THE [PCR] JUDGE COULD HAVE VIEWED ALL OF DEFENDANT'S (545) EXHIBITS AND STILL DENIED [DEFENDANT'S] APPLICATION FOR [PCR] OR AN EVIDENTIARY HEARING. [THE PCR JUDGE] VIOLATED THE CODE OF JUDICIAL CONDUCT CANON I, CANON 2A, [AND] CANON 3 (A-1)(B-1).

POINT [X]

[D]EFENDANT WANTS HIS GRAND JURY ISSUE HE SUBMITTED FULLY ADDRESSED; [A] DETECTIVE . . . LIED TO THE GRAND JURY. DEFENDANT HAS PROOF WITHIN THE INDICTMENT ITSELF. HOWEVER [THE PCR JUDGE] NEVER ADDRESSED THIS ISSUE ALONG WITH MANY OTHERS, VIOLATING THE CODE OF JUDICIAL CONDUCT, CANON 3 (A-1)(7) [AND] (B-1).

POINT [XI]

[TRIAL COUNSEL WAS INEFFECTIVE BECAUSE DEFENDANT WOULD HAVE TAKEN THE PLEA DEALS OF EIGHT YEARS OR FIFTEEN YEARS.]

A-0702-18T4

POINT [XII]

[DEFENDANT] SUBMITTED A BRIEF REGARDING . . . HOW [THE TRIAL JUDGE] WAS NOT A SUPERIOR COURT JUDGE, BUT WAS IN FACT A TAX JUDGE DURING THE TRIAL OF . . . DEFENDANT. . . . DEFENDANT SUBMITTED THE BRIEF [HIMSELF] MAKING REFERENCE TO [THIS ISSUE] SO [THE PCR JUDGE] COULD ADDRESS IT, [RULE] 3:22-6(D)[.]

POINT [XIII]

[D]EFENDANT SUBMITTED HIS COMPLAINT AND WARRANT ISSUE, DEFENDANT ASSERTS THAT [THE PCR JUDGE] COULD NOT HAVE PROPERLY VIEWED ALL THE EXHIBITS OR GIVEN THEM EACH ITS PROPER CONSIDERATION OR WEIGHT. THUS RUSHING TH[ROUGH] OR NOT LOOKING AT ALL [OF] DEFENDANT'S MOVING PAPERS[.]

POINT [XIV]

THE [P]ROSECUTOR VIOLATED BRADY[1] BY WITHHOLDING EXCULPATORY EVIDENCE AND LYING TO THE JURY.

I.

Defendant first contends the PCR judge erred by denying his motion to obtain the witness's mental health records. He argues he needed such

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

A-0702-18T4

information to prove trial counsel's ineffectiveness for failing to obtain these records because the information was pertinent to the witness's credibility and would have been useful on cross-examination.

Our court rules do not authorize discovery in PCR proceedings, and the general discovery obligations do not extend to such proceedings. State v. Marshall, 148 N.J. 89, 268 (1997). However, a judge has "the inherent power to order discovery when justice so requires." Id. at 269 (quoting State ex rel. W.C., 85 N.J. 218, 221 (1981)). We generally review an order denying the production of discovery for an abuse of discretion. State v. Kane, 449 N.J. Super. 119, 132 (App. Div. 2017). We see no such abuse here.

An individual's mental health records are privileged and are protected by N.J.S.A. 45:14B-28, N.J.R.E. 505 (psychologist-patient privilege), and N.J.R.E. 506 (physician-patient privilege, including psychiatrist-patient privilege). Kinsella v. Kinsella, 150 N.J. 276, 297 (1997). In general, a defendant may obtain such records by demonstrating: "1) there is a legitimate need to disclose the protected information; 2) the information is relevant and material to the issue before the court; and, 3) [the defendant] . . . shows by a 'preponderance of the evidence' that 'no less intrusive source' for that information exists." State v.

8

L.J.P., 270 N.J. Super. 429, 440 (App. Div. 1994) (quoting United Jersey Bank v. Wolosoff, 196 N.J. Super. 553, 564 (App. Div. 1984)).

The PCR judge analyzed these factors and found that defendant failed to meet factors two and three of the test. She concluded the information was neither material nor relevant because "[d]efendant never assert[ed] that the alleged [mental health diagnosis] caused [the witness] to lie." She stated that even if the witness was on certain medications that were known to cause memory issues, "these [medications] were prescribed after the trial . . . and thus could not have affected . . . [the witness's] ability to recall information or events." Related to the third factor, the PCR judge noted that the witness's competency was never called into question, nor was there ever a psychiatric evaluation requested during trial.

## II.

Defendant next argues his trial counsel, appellate counsel, and PCR counsel rendered ineffective assistance.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first prong of Strickland/Fritz, a defendant must

establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, we must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 688.

To satisfy the second prong of Strickland/Fritz, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

A defendant is only entitled to an evidentiary hearing when he "has presented a prima facie [case] in support of [PCR]," meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately

succeed on the merits." Marshall, 148 N.J. at 158 (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)).

A.

Defendant claims trial counsel was ineffective by failing to obtain and review all discovery and to provide defendant a copy of his co-defendant's statement or review this statement with him. As the PCR judge correctly stated, defendant cannot establish a prima facie claim under Strickland/Fritz because the record belies his argument.

As the PCR judge noted, the record reflects that trial counsel stated twice that he received all discovery from the State. Further, trial counsel clarified:

> Judge, I received nothing short of a Sears book catalogue worth of discovery from the State within the last month including witnesses . . . and statements . . . that I've actually missed two days of my vacation to go into the jail and see my client to review so there wouldn't be a continuation of this [matter].

Therefore, the record demonstrates defendant's trial counsel received all discovery—including his co-defendant's statement—and that trial counsel reviewed all discovery with defendant.

B.

Defendant argues trial counsel failed to interview all alibi witnesses, which would have placed him in New Hampshire at the time of the offense. He

11

also maintains that by failing to obtain the witness's health records, trial counsel did not adequately investigate.

Generally, an attorney representing a criminal defendant should interview all alibi witnesses. State v. Pierre, 223 N.J. 560, 582 (2015). "Failure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction." State v. Porter, 216 N.J. 343, 353 (2013). Even when trial counsel presents an alibi, counsel's choice to forego evidence reinforcing a defendant's alibi is also a serious deficiency that may result in reversal. Pierre, 223 N.J. at 582-83. Defendant has failed to satisfy either of the Strickland/Fritz prongs as to this contention.

Defendant argues trial counsel failed to interview four of his alibi witnesses. Defendant wrote to his first trial counsel,[2] sharing these witnesses' names—albeit first names only—and their telephone numbers. For two of these witnesses, defendant listed their address as "Manor Hotel" and "room 121," and indicated that the phones had been cut off. Defendant did not subsequently provide his trial counsel with their last names, numbers, or their addresses.

"[I]n order to establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel."

---

[2] Defendant obtained new trial counsel by the time trial commenced.

State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant must allege specific facts sufficient to support a prima facie claim. Ibid. The relevant facts must be shown through "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.; see also R. 3:22-10(c) (providing that any factual assertion serving as predicate for the claim "must be made by an affidavit or certification"). Defendant provided no affidavits or certifications as to their proffered testimony.

As to defendant's argument that trial counsel failed to interview or obtain the witness's mental health records, the PCR judge correctly noted that the individual was not a material witness—the State only called the witness to establish defendant's consciousness of guilt. Furthermore, defendant has failed to show how trial counsel's use of the mental health records would have resulted in a different outcome.

## C.

Defendant argues trial counsel was ineffective by failing to file a motion in limine barring his co-defendant's statement as inadmissible under N.J.R.E. 404(b), and that during trial, counsel failed to object to its admissibility.

The admission of evidence of "other crimes, wrongs, or acts" is governed by N.J.R.E. 404(b), which prohibits the admission of such evidence "to prove a

13

person's disposition in order to show that . . . the person acted in conformity with such disposition." The rule provides a non-exhaustive list regarding the admission of evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident when such matters are relevant to a material issue in dispute." Ibid. Our Supreme Court provided a rule of "general application" to prevent overuse of other-crimes evidence:

> 1. The evidence of the other crime must be admissible as relevant to a material issue;
>
> 2. It must be similar in kind and reasonably close in time to the offense charged;
>
> 3. The evidence of the other crime must be clear and convincing; and
>
> 4. The probative value of the evidence must not be outweighed by its apparent prejudice.
>
> [State v. Cofield, 127 N.J. 328, 338 (1992) (quoting Abraham P. Ordover, Balancing The Presumptions Of Guilt and Innocence: Rules 404(b), 608(b), And 609(a), 38 Emory L.J. 135, 160 (1989)).]

The trial judge held a 404(b) hearing prior to trial and ruled the statements were admissible under 404(b), not as propensity evidence, but rather as evidence of defendant's consciousness of guilt. Thus, there was no basis to object during trial since the trial judge ruled on its admissibility at the pre-trial hearing. And

14

the trial judge gave a proper limited instruction, which we presume the jury followed.  State v. Loftin, 146 N.J. 295, 390 (1996).

D.

Defendant argues appellate counsel rendered ineffective assistance on his direct appeal by failing to raise the issues contained in his PCR.  The Strickland/Fritz test applies to ineffective assistance of counsel claims relating to appellate counsel.  State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007); State v. Morrison, 215 N.J. Super. 540, 546 (App. Div. 1987).

Appellate counsel is not required to present all non-frivolous claims. Jones v. Barnes, 463 U.S. 745, 751 (1983); see also Gaither, 396 N.J. Super. at 515.  Appellate counsel may use his or her professional judgment in deciding whether to bring meritorious claims suggested by the client.  Jones, 463 U.S. at 751-52.  "A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions."  Id. at 753.  "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy[.]" Id. at 754.  Here, appellate counsel was not required to submit every single claim that defendant raised in his PCR petition.

E.

Defendant claims his PCR counsel rendered ineffective assistance by destroying defendant's moving papers, lying about it, and failing to raise issues. "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012). Nonetheless, the standard for ineffective assistance of counsel claims related to PCR counsel is that:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
>
> [State v. Webster, 187 N.J. 254, 257 (2006).]

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010) (citing State v. Rue, 175 N.J. 1, 4 (2002)).

On this record, defendant provides no evidence showing PCR counsel destroyed his papers and then lied about it. He also does not specify or bring forth evidence as to which arguments PCR counsel failed to raise. Defendant's "bald assertions" are not adequate to support an ineffective assistance of counsel claim. <u>Cummings</u>, 321 N.J. Super. at 170. Nevertheless, we will not address defendant's contention that his PCR counsel rendered ineffective assistance, which is more appropriately left for a new petition.

III.

Defendant argues that the PCR judge did not address all of his pro se arguments. <u>Rule</u> 3:22-6(d) states:

> Counsel should advance all of the legitimate arguments requested by the defendant that the record will support. If defendant insists upon the assertion of any grounds for relief that counsel deems to be without merit, counsel shall list such claims in the petition or amended petition or incorporate them by reference. Pro se briefs can also be submitted.

So long as the PCR judge considers all arguments, including those incorporated, he or she does not need to address every single argument in his or her decision/opinion. <u>See</u> <u>Webster</u>, 187 N.J. at 258. Here, the PCR judge indicated that she considered all of defendant's contentions, and we have no reason to believe otherwise.

17

Defendant argues that the PCR judge failed to look at all of his exhibits. He also asserts a detective lied to the grand jury to obtain the indictment and that the assistant prosecutor knew of this perjury. Additionally, he maintains the prosecutor violated Brady by lying to the jury and not exchanging exculpatory evidence with the defense. These contentions have no merit. Defendant presents no evidence supporting these arguments and makes only "bald assertions." Cummings, 321 N.J. Super. at 170.

We conclude that defendant's remaining arguments—to the extent we have not addressed them—are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION